UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANDRE L. KENDRICK,

    Plaintiff,

        v.    CAUSE NO. 3:25-CV-867-TLS-APR

STEVEN WARD, GO VIRAL MAGAZINE
PUBLICATION OWNER, EBONY
MAGAZINE PUBLICATION OWNER,

    Defendants.

**OPINION AND ORDER**

    DeAndre L. Kendrick, a prisoner without a lawyer, filed a complaint suing the owner of Ebony Magazine, the owner of Go Viral Magazine, and Steven Ward (the owner of The Mag Depot, an organization that ships magazines to prisons). ECF 1. Kendrick complains that he received magazines from these companies with "falsified" images of the models; the images of the models are "filtered images and not the actual images of what the models actually look like." *Id.* at 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

    Kendrick's complaint is frivolous and will be dismissed. He alleges the defendants misrepresented the magazines' nature, characteristics, and qualities in order to promote and advertise them. Construing his complaint liberally, the court will consider whether the complaint

states a claim for false advertising under the Lanham Act, 15 U.S.C. §§ 1015 et seq. "The Lanham Act creates a cause of action for unfair competition through misleading advertising or labeling." *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014). However, this does not help Kendrick because this provision of the Lanham Act is designed "for competitors, not consumers" of the product. *Id*. Therefore, he may not proceed under the Lanham Act.

Kendrick also states that the defendants violated his constitutional rights. But as private entities, these magazine publishers are generally not subject to constitutional restraints. "As a general rule, the conduct of private parties lies beyond the Constitution's scope." *Air Line Pilots Ass'n, Int'l v. Dep't of Aviation of City of Chi.*, 45 F.3d 1144, 1149 (7th Cir. 1995). There is no governmental involvement in the publication of the magazines that would make these defendants subject to liability under the Constitution. *See id.*

This complaint does not state a claim for relief. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 27, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT